931 F.2d 55
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Allen Lee BARTLETT, Defendant-Appellant.
 No. 91-7512.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 8, 1991.
Decided April 23, 1991.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Parkersburg. Charles H. Haden, II, Chief District Judge. (CR-85-129-A)
 Allen Lee Bartlett, appellant pro se.
 Ruth Lynette Ranson, Assistant United States Attorney, Charleston, W.Va., for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before MURNAGHAN, SPROUSE and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Allen Lee Bartlett appeals an order of the district court which dismissed his 28 U.S.C. Sec. 2255 motion as successive under Rule 9(b) of the Rules Governing Sec. 2255 motions. We affirm.
 
 
 2
 In 1986, Bartlett pled guilty to conspiracy to commit murder in furtherance of a criminal enterprise (18 U.S.C. Sec. 1952B) and was sentenced to the maximum penalty of 10 years. He later pled guilty to perjury, stating that he had lied at the guilty plea hearing when he implicated one Robert Walker in the murder-for-hire scheme.
 
 
 3
 Bartlett subsequently filed an unsuccessful Sec. 2255 motion in which he alleged that he pled guilty to the murder conspiracy charge because of pressure from his attorney and that there was no factual basis for the plea. The motion was denied after an evidentiary hearing and this Court affirmed. United States v. Bartlett, No. 88-7559 (4th Cir. Jan. 3, 1989) (unpublished).
 
 
 4
 In this Sec. 2255 motion, Bartlett claims that the district court violated Fed.R.Crim.P. 11 at his guilty plea hearing in that the judge did not tell him until after he testified that false statements made under oath could be the basis for a charge of perjury.
 
 
 5
 We find that the motion was properly denied. To the extent Bartlett is again challenging the validity of his guilty plea to the murder conspiracy, the claim is successive. Sanders v. United States, 373 U.S. 1, 7-8 (1963). To the extent Bartlett is raising an alleged violation of Rule 11 as a new claim, it is an abuse of the writ. Id. at 17-18.
 
 
 6
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED.